h WRIT GRANTED AND MADE PEREMPTORY.
The plaintiff-relator, the State of Louisiana through the Department of Transportation and Development, seeks supervisory relief from a ruling of the Ninth Judicial District Court, Rapides Parish, the Honorable George C. Metoyer, Jr., presiding, granting the defendants’ motions in limine.
This litigation arises out of the expropriation of the defendants’ property by the relator to build a section of Interstate 49. After appraising the property, the relator expropriated it in 1990 by depositing $137,232.00 with *823 the court. After conducting their own appraisals, the defendants sued for additional compensation. The district court set the matter for trial and ordered the parties to assert all facts, issues, exhibits, and witnesses by memorandum by August 20, 1997. On August 19,1997, alleging that the property appraisals failed to consider environmental concerns in determining the property’s market value, the relator notified the defendants that it would raise this issue. Since the relator had remedied the environmental problems since the appraisals, the relator wants to use expert analysis of Department of Environmental Quality (DEQ) and clean up reports to determine the property’s market value at the time of the expropriation. Objecting to the introduction of evidence recreating these conditions, the defendants filed motions in limine. Finding the environmental evidence’s probative value outweighed by the potential prejudice of recreating the environmental 12Conditions, the district court granted the motions in limine. The relator seeks supervisory relief from this ruling. The district court has stayed the case pending the outcome of this writ.
Although a district court has great discretion in weighing the prejudicial effect of evidence, Nigreville v. Federated Rural Elec. Ins. Co., 93-1202 (La.App. 3 Cir.7/13/94), 642 So.2d 216; writ denied, 94-2803 (La.1/27/95), 649 So.2d 384, we find that the district court abused its discretion. The state cannot expropriate property without just compensation. La. Const, art. I, § 4. In expropriation suits, “just compensation” is the property’s market value based on a price that “a willing and informed buyer and seller” would agree upon under usual and normal circumstances. State, DOTD v. Fakouri, 541 So.2d 291 (La.App. 3 Cir.1989). In the instant case, if the property appraisals failed to consider environmental conditions, the amount the relator deposited with the court does not reflect a price an informed buyer and seller could agree upon. Therefore, the property’s environmental condition is relevant to a determination of the property’s market value.
Introducing this evidence does not prejudice the defendants. The defendants participated in a 1988 DEQ investigation that discovered buried industrial waste on the property. Therefore, the defendants should have known of the property’s condition at the time of expropriation. The defendants can discredit and rebut the relator’s evidence at trial. Accordingly, the writ is granted and made peremptory.
AMY, J., concurs.
THIBODEAUX, J., dissents and would deny the writ.